UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  **Civil Action No.:** CV-01054-LDH
DONNA LASHLEY,

                          Plaintiff,

          -against-                        **AMENDED COMPLAINT**

                                        **Jury Trial Demanded**

NEW YORK UNIVERSITY,
                        Defendant.
------------------------------------------------------------------------X

      Plaintiff, DONNA LASHLEY, by her attorney Hernandez M. Rhau, Esq., as and for her amended complaint against Defendant NEW YORK UNIVERSITY ("NYU"), respectfully set forth and allege that:

## JURISDICTION AND VENUE

1.    This is an action for equitable relief and money damages on behalf of the Plaintiff who was prospectively being deprived of her statutory rights as an employee of NYU as a result of the Defendant's acts of discrimination.

2.    This action is brought pursuant to 42 U.S.C. § 2000e ("Title VII of the Civil Rights Act of 1964"), the New York State Human Rights Law ("NYSHRL"), §290, *et seq.*, the New York City Administrative Code ("NYCAC"), Title 8, and any other cause of action which can be inferred from the facts set forth herein.

3.    Venue lies in this District, because Defendant NYU conducts business here, and the events and occurrences giving rise to this action occurred within this judicial district.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the Plaintiff's claims under New York State Executive Law Section 296 and the New York City Administrative Code Section 8-502, pursuant to 28 USC 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that Plaintiff would ordinarily be expected tot try them in one judicial proceeding.

## PROCEDURAL REQUIREMENT

5.    Plaintiff filed a copy of this amended complaint with the United States Equal Employment Opportunity Commission, and her Right-to-Sue letter from the Equal Employment Opportunity Commission (hereafter referred to as "EEOC") is attached hereto as Exhibit "A".

PLAINTIFF

6. Plaintiff is an African American, citizen of United States, dark-skinned female, with natural hair, and is over the age of eighteen (18) years of age, a resident of Kings County.

DEFENDANT

7. Defendant NYU is a corporation existing under and by virtue of the State of New York, and all relevant times herein was Plaintiff's employer, with its principal offices in the County of New York.

BACKGROUND

8. Plaintiff has been employed as an Administrative Aide in Defendant's Doctoral Office at Stern School of Business ("Stern") since 1990.

9. Currently, Plaintiff serves as the one and only administrator for the Visiting Scholars Program ("VSP") for students enrolled at Stern.

Defendants History of Discrimination

10. During the relevant time period, through a system of dissuasion, which included meeting with members from the Human Resources Department to discuss possible promotion opportunities, Defendant engaged in a pattern of continuous, unlawful discriminatory conduct against Plaintiff from 2004 to Present.

11. In 2004, as directed to by the Dean of Faculty, Lee Sproul, Plaintiff inquired about a promotion opportunity with Defendant's Human Resources Department ("HR") and was dissuaded and given false information from HR Director Grace Garnice regarding Plaintiff's inability to be promoted to a management position as a union employee. Specifically, Ms. Garnice stated in sum and substance, "it is very difficult to go from a union position to one in management". Notably, only the black female employees were directed to speak with HR before applying for promotions.

12. Despite Ms. Ganice's above mentioned claim regarding union employees and management positions, during the relevant time period, Defendant promoted the following union employees to management positions, Bryan Ramos (Executive Director-White Male), former administrative aide, Hillary Hippoliti (Associate Director-White Female), Carol Radtke (Associate Director-White Female), and Carolina Boneta (Senior Associate Director-White Female).

13. In 2005, Plaintiff was interviewed by Defendant's Associate Director of HR, Kelly Collins, for an Administrative Assistant position in Defendant's Dean's office at NYU.

14. Despite Plaintiff's qualifications, Ms. Collins continually dissuaded Plaintiff during the interview stating in sum and substance, "you are a better fit in your current position" and "it would be best if you stayed in your current job".

15. Subsequently, Defendant hired Joey Schmitt, a white male, who was less qualified than Plaintiff, for the above-referenced Administrative Assistant position.

16. From 2005 through 2012, Defendant, through its HR Department, continued to dissuade and discourage Plaintiff from applying for promotional opportunities as well as denying her of same despite her qualifications.

17. In 2012, Plaintiff assumed additional responsibilities and became the program administrator in Defendant's VSP.[1] Notably, Associate Director of Stern Human Resources, Maryann Zwaryczuk (White Female), serves as her department's program administrator for NYU's Visiting Faculty Program ("VFP"). Plaintiff performs the same duties as Ms. Zwaryczuk, yet, she remains without a managerial title and is paid less than Ms. Zwaryczuk.

18. Similarly, from 2012 through 2016, Defendant, through its HR Department and Vice Dean Joel Steckel, continued to dissuade and discourage Plaintiff from applying for promotional opportunities as well as denying her of same despite her qualifications.

19., when Plaintiff's supervisor, Anya Takos, whom Plaintiff trained from Associate Director to Director, made several attempts from 2015 through 2021, to secure an official promotion for Plaintiff from Administrative Aide to Assistant Director, they were continuously denied by Joel Steckel and Defendant. However, Defendant promoted Joel Steckel and Audrey Kim, despite their lack of additional responsibilities.

20. Specifically, in 2017, while carrying out the responsibilities of a Vice Dean[2], Plaintiff was overlooked and denied the Assistant Director position in her program after Anya Takos spoke to Ms. Garnice and advocated on Plaintiff's behalf to have her title changed from Administrative Aide to Assistant Director with the requisite pay increase. Yet, Joel Steckel refused to sign off on the promotion.

21. Again, in 2018, 2019, 2020, and 2021 Anya Takos strongly advocated and requested both a promotion from Administrative Aide to Assistant Director, and merit increase for Plaintiff, which Joel Steckel still refused to sign off on, and ultimately was denied by Defendant.

22. Please note, in 2017, Defendant attempted to offer Plaintiff a 3% increase which was substantially lower than what was merited and was given to other employees.

23. Throughout Plaintiff's employment, Defendant continuously paid Plaintiff's white counterparts higher salaries than Plaintiff, for performing similar job duties.

---

[1] Visiting Scholarship Program was established in 2004, and was originally the responsibility of a Director before being assigned to the Plaintiff.
[2] Plaintiff travelled extensively with the Director, on behalf of the Vice Dean Joel Steckel, for recruitment purposes without compensation.

3

24.     Throughout Plaintiff's employment, Defendant paid Plaintiff on the lower end of the Grade 10 scale in lieu of what was available under her Collective Bargaining Agreement.[3]

25.     Upon information and belief, Defendant was notified of Plaintiff's EEOC Complaint and Defendant retaliated against Plaintiff based on her race in that on December 18, 2020, during a virtual holiday party with Plaintiff's colleagues and university students, where she was the only black person in attendance, Joel Steckel stated, "look at Donna, she looks like the Grinch", thereby humiliating her while perpetuating the "angry black woman" stereotype.

26.     Further, upon information and belief, in or about December 2020, Joel Steckel stripped the Plaintiff of most of her professional responsibilities and transferred them to a recently hired graduate student.

27.     As a result of the above, Plaintiff has suffered extreme emotional and economic damages.

28.     Based on the foregoing, Plaintiff alleges that Defendant has subjected her to unlawful discrimination due to her race in violation of Title VII, NYSHRL, NYCHRL and her constitutional rights.

VIOLATIONS AND CLAIMS ALLEGED

COUNT I
RACE DISCRIMINATION—TITLE VII
_____

29.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 28 of this Complaint as though fully set forth in this paragraph of the Complaint.

30.     Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate any individual in terms, conditions, or privileges of employment on the basis of race.

31.     As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment and other monetary damages.

COUNT II
HOSTILE WORK ENVIRONMENT—TITLE VII
_____

32.     Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 31 of this Complaint as though fully set forth in this paragraph of the Complaint.

---

[3] Based on an "NYU Human Resources Salary Grade Ranges" form, as of August 30, 2004, the highest annual salary offered under a Grade 10 was $53,040, however, as of September 1, 2004 Plaintiff's annual salary was only $39,355.68.

33. During the relevant time period, Defendant engaged in a pattern of continuous, unlawful discriminatory conduct against Plaintiff creating a hostile work environment where such conduct is encouraged and tolerated.

34. As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment and other monetary damages.

## COUNT III
## RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK STATE HUMAN RIGHTS LAW 296

35. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 34 of this Complaint as though fully set forth in this paragraph of the Complaint.

36. New York State Executive Law Section 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race.

37. As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment and other monetary damages.

## COUNT IV
## HOSTIL WORK ENVIRONMENT IN VIOLATION OF
## NEW YORK STATE HUMAN RIGHTS LAW 296

38. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 37 of this Complaint as though fully set forth in this paragraph of the Complaint.

39. New York State Executive Law Section 296 et seq. makes it unlawful to discriminate against any individual in terms conditions, or privileges of employment on the basis of race. The law also makes it unlawful to create a severe and hostile environment where race discrimination is encouraged and/or tolerated.

40. As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment and other monetary damages.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE 8-502

41. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 40 of this Complaint as though fully set forth in this paragraph of the Complaint.

42. New York City Administrative Code Section 8-502 makes it unlawful to discriminate against any individual in terms, conditions, or privileges of employment on the basis of race.

43. As a result of the aforesaid acts, depriving Plaintiff of her civil rights, Plaintiff suffered mental anguish, emotional distress, loss of employment and other monetary damages.

## COUNT VI
## RETALIATION IN VIOLATION OF TITLE VII

44. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 43 of this Complaint as though fully set forth in this paragraph of the Complaint.

45. Plaintiff was subjected to retaliation in that negative actions were taken against her as a result of her participation in protected activity, in violation of Title VII.

46. As a result of the Defendant's retaliation, Plaintiff suffered and continues to suffer damages, including but limited to lost income, loss of future benefits, mental anguish, and pain and suffering. She is also entitled to attorneys' fees and costs.

## COUNT VII
## RETALIATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

47. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 46 of this Complaint as though fully set forth in this paragraph of the Complaint.

48. Plaintiff was subjected to retaliation in that negative actions were taken against her as a result of her participation in protected activity, in violation of the Executive law.

49. As a result of the Defendant's retaliation, Plaintiff suffered and continues to suffer damages, including but limited to lost income, loss of future benefits, mental anguish, and pain and suffering. She is also entitled to attorneys' fees and costs.

## COUNT VIII
## RETALIATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

50. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in paragraphs 1 through 49 of this Complaint as though fully set forth in this paragraph of the Complaint.

51.     Plaintiff was subjected to retaliation in that negative actions were taken against her as a result of her participation in protected activity, in violation of the Administrative Code.

52.     As a result of the Defendant's retaliation, Plaintiff suffered and continues to suffer damages, including but limited to lost income, loss of future benefits, mental anguish, and pain and suffering. She is also entitled to attorneys' fees and costs.

JURY TRIAL

53.     Plaintiff demands a trial by jury of all issues in this action that are triable.

PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered against Defendant, jointly and severally, awarding Plaintiff compensation and other damages in the form of back pay, front pay, and other monies and benefits unlawfully denied to Plaintiff, as well as for emotional distress, permanent damages to Plaintiff's emotional/mental well-being, loss of enjoyment of life, including pain, suffering, shame, and humiliation.

Dated:  New York, New York
        November 3, 2023

                                          LAW OFFICE OF HERANDEZ M. RHAU
                                        *Attorney for Plaintiff*

                                        */s/ Hernandez M. Rhau*_____
                                        Hernandez M. Rhau, Esq.
                                        30 BROAD STREET, 14TH FLOOR, SUITE 14142
                                        NEW YORK, NEW YORK 10004
                                        Tel: (212) 235-1681
                                        Fax: (212) 504-7928
                                        E-mail: Hrhau@RhauLegal.com
                                        Filed Electronically

**TO DEFENDANT:**

Susan D. Friedfel, Esq.
JACKSON LEWIS, P.C.
*Attorney for Defendant*
44 South Broadway, 14th Floor
White Plains, New York 10601